```
                                                    U.S. DISTRICT COURT
                                                 NORTHERN DISTRICT OF TEXAS
                                                          FILED

                                                       JAN 2 5 2010

                                                  CLERK, U.S. DISTRICT COURT
                                                  By _____
                                                              Deputy
```

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT W. MYERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2292-N |
| | § | |
| M. SWINDLE, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Brent W. Myers, a Texas prisoner, against five Dallas police officers, Chief David Kunkle, and a Dallas County jail medic. On December 2, 2009, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*.[1] Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on January 13, 2010. The court now determines that this case should be summarily dismissed.

---

[1] Although plaintiff's *pro se* complaint is dated October 30, 2009, it was not received by the district clerk until December 2, 2009. No reason is offered by plaintiff for this delay.

II.

On or about April 7, 2007, plaintiff was arrested and charged with assault of a public servant. (*See* Mag. J. Interrog. #1). According to plaintiff, the arresting officers repeatedly beat him, used a taser on his "private parts," and arrested him without probable cause or provocation. (*Id.*). Plaintiff further alleges that other police officers who witnessed this use of excessive force failed to intervene to protect him. (*Id.*). When plaintiff was booked into the Dallas County jail later that day, he contends that one of the police officers, M. Swindle, conspired with an unidentified jail medic "to deliberately and intentionally deny [him] medical treatment for his serious medical needs[.]" (*Id.*). On October 30, 2007, plaintiff was convicted of two counts of assault of a public servant, a second degree felony, and sentenced to four years probation. (*See* Mag. J. Interrog. #2, 3, 5). After plaintiff violated the conditions of his release, the trial court revoked his probation and sentenced him to five years in prison. (*See* Mag. J. Interrog. #5). Plaintiff now sues for a myriad of civil rights violations, including false arrest, excessive force, denial of medical care, malicious prosecution, false imprisonment, and wrongful conviction. (*See* Mag. J. Interrog. #1).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that most of plaintiff's claims are barred by limitations. In Texas, a civil rights action brought under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987). With respect to his claims for false arrest, excessive force, denial of medical care, and false imprisonment, the two-year limitations period commenced on April 7, 2007--the date plaintiff was arrested, imprisoned, allegedly beaten by the police, and allegedly denied medical care. Yet plaintiff did not attempt to file this lawsuit until October 30, 2009 at the earliest--more than two years after those events occurred. It is clear from the face of the pleadings that these claims are time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

C.

Plaintiff's remaining claims for malicious prosecution and wrongful conviction are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a state prisoner cannot bring a section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity" of the state criminal proceeding. *Heck*, 114 S.Ct. at 2372. If so, the claim is barred. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

In his interrogatory answers, plaintiff acknowledges that no court has ever reversed or invalidated his state conviction. (*See* Mag. J. Interrog. #6). Consequently, he cannot maintain a section 1983 action for malicious prosecution and wrongful arrest. *See Williams v. City of Dallas Police Dept.*, No. 3-09-CV-0275-P, 2009 WL 812239 at *3 (N.D. Tex. Mar. 26, 2009) (collecting cases).[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

---

[2] To the extent plaintiff seeks release from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Maldonado v. Anderson*, No. 4-03-CV-0089-Y, 2003 WL 21212620 at *2 (N.D. Tex. May 13, 2003).

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 25, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE