IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT W. MYERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2292-N |
| | § | |
| M. SWINDLE, ET AL. | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

After conducting a review of the pleadings, files and records in this case, and the Findings and Recommendation of the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1), I am of the opinion that the Findings and Recommendation of the Magistrate Judge are correct, and they are hereby accepted as the Findings of the Court.  Plaintiff Myers objects to the Magistrate Judge's recommendation that many of his claims be dismissed as time barred on the basis that he attempted to file this action timely, but for some reason it was not received by the district clerk.  Taking this as an argument for equitable tolling, it still does not explain the delay from July, when Myers says he first was told that the clerk did not receive his original complaint, through October 30, 2009, when Myers' current complaint apparently was sent.  Even if the Court allowed for equitable tolling from April 2009 through July 2009, Myers' claims would still be barred.  The Court therefore overrules this objection.  Myers also objects to the recommendation that his two remaining claims be dismissed, arguing that his false arrest claim is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  But the Magistrate Judge recommended that the false arrest claim be dismissed on limitations.  The Court therefore overrules this objection.

ORDER – PAGE 1

Myers also moves for leave to file an amended complaint. Because the amendment does not address any of the bases for dismissal, it would be futile. The Court therefore denies the motion for leave to amend.

Signed February 26, 2010.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE