IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT W. MYERS, | § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:09-cv-2292-N-BN |
| M. SWINDELL, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation on Defendants' Joint Motion for Summary Judgment [Dkt. No. 70]. Defendants' motion for summary judgment should be granted.

**Background**

Brent W. Myers, a Texas prisoner proceeding *pro se*, brings this civil rights action against six Dallas police officers, former Chief David Kunkle, and a Dallas County jail medic for false arrest, false imprisonment, excessive force, and denial of medical care. On or about April 7, 2007, Plaintiff was arrested and charged with assault of a public servant. *See* Dkt. No. 7 at Question 1; Dkt. No. 45 at Question 1. According to Plaintiff, several police officers – including Officers Mark Swindell and

Steven Tomiyama – repeatedly beat him, used a taser on his "privates," and arrested him "without probable cause or provocation." *See* Dkt. No. 7 at Question 1; Dkt. No. 45 at Question 1. Plaintiff further alleges that other police officers who witnessed this use of excessive force, which may include Officers Dwayne Cooper, David Davis, Clarence Wooten, and Doyle Wynn, failed to intervene to protect him. *See* Dkt. No. 7 at Question 1; Dkt. No. 45 at Questions 2-5. When Plaintiff was booked into the Dallas County jail later that day, he contends that Swindell conspired with an unidentified white female jail medic "to deliberately and intentionally deny [him] medical treatment for his serious medical needs[.]" *See* Dkt. No. 7 at Question 1; *see also* Dkt. No. 45 at Question 1.

On October 30, 2007, Plaintiff pled guilty to two counts of assault of a public servant, a second degree felony, and Plaintiff was sentenced to four years probation. *See* Dkt. No. 7 at Questions 2, 3, 5; Dkt. No. 72-1 at 27-30 & 35-38. After Plaintiff violated the conditions of his release, the trial court revoked his probation and sentenced him to five years in prison. *See* Dkt. No. 7 at Question 5; *see also* Dkt. No. 72-1 at 31-34, 39-42.

On December 2, 2009, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. After allowing Plaintiff to prosecute this action without prepayment of fees, the Court sent him written interrogatories in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 5. Plaintiff answered the interrogatories on January 13, 2010. *See* Dkt. No. 7. Based on those answers, the Court determined that Plaintiff's claims for malicious

prosecution and wrongful conviction were barred by the rule in *Heck v. Humphrey,* 512 U.S. 477 (1994), and that his claims for false arrest, false imprisonment, excessive force, and denial of medical care were barred by limitations. *See* Dkt. No. 8; *Myers v. Swindle,* No. 3:09-cv-2292-N, 2010 WL 742442, at *2 (N.D. Tex. Feb. 26, 2010). On direct appeal, the Fifth Circuit affirmed the dismissal of Plaintiff's claims for malicious prosecution and wrongful conviction but vacated the dismissal of his other claims for further development of the record. *See Myers v. Swindle,* 454 F. App'x 322, 323-24(5th Cir. 2011). The magistrate judge then determined that Plaintiff's claims for false arrest and false imprisonment are also barred by *Heck* and that he has failed to state a claim against former Dallas Police Chief David Kunkle, but that Plaintiff should be allowed to prosecute his claims for excessive force and denial of medical care. *See* Dkt. No. 25. The magistrate judge's January 13, 2012 findings, recommendations, and conclusion are pending before the District Court.

The six officers – Defendants Dwayne Cooper, David Davis, Mark Swindell, Steven Tomiyama, Clarence Wooten, and Doyle Wynn (collectively, the "Officer Defendants") – now jointly move for summary judgment. *See* Dkt. No. 70. All of the Officer Defendants allege that they are entitled to qualified immunity and did not participate in the misconduct alleged. They also contend that Plaintiff's false arrest and excessive force claims are barred by *Heck*. Defendants Cooper, Davis, Wooten, and Wynn state that Plaintiff's claims against them are barred by limitations. Finally, Defendants Swindell and Tomiyama state that Plaintiff was provided prompt medical care and that they did not deny him medical care. Plaintiff was permitted leave to

conduct limited discovery regarding qualified immunity and has filed a response to Defendants' motion, *see* Dkt. Nos. 85 & 90, Defendants have submitted a reply, *see* Dkt. No. 93, and this motion is ripe for determination.

The Court now determines that the Officer Defendants' motion for summary judgment [Dkt. No. 70] should be granted.

## Legal standards

Under Fed. R. Civ. P. 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right." *Mace v. City of Palestine,* 333 F.3d 621, 623 (5th Cir. 2003). Once qualified immunity is raised by a defendant, the plaintiff must rebut the defense by establishing that the official's wrongful conduct violated clearly established law. *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). When considering claims of qualified immunity, the Court must first determine whether a plaintiff adduced sufficient evidence to raise a genuine issue of material fact suggesting the violation of an actual constitutional right. *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002) (en banc). If the answer is "no," the analysis ends. *Freeman v. Gore,* 483 F.3d 404, 410-11 (5th Cir. 2007). If the answer is "yes," the Court must consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. *Id.* at 411.

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d

at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l*

*Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See* FED. R. CIV. P. 56(c)(1); *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Rule 56. *See King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994).

## Analysis

*Excessive Force, False Arrest, and False Imprisonment*

The Officer Defendants contend that Plaintiff's allegations of excessive force – like the claims of false arrest and imprisonment considered by Magistrate Judge Jeff Kaplan – must be denied as barred by the rule in *Heck v. Humphrey*. *Heck* holds that a state prisoner cannot bring a 42 U.S.C. § 1983 action if a judgment in favor of the Plaintiff would "necessarily imply the invalidity" of the state criminal proceeding. *Heck*, 512 U.S. at 486-87; *see also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000). Therefore, as Judge Kaplan explained, Plaintiff's valid and undisturbed state convictions for assault on a public servant bar recovery in a civil rights action for false arrest and false imprisonment. *See* Dkt. No. 25 at 4-5 (citing *Tyler v. Cedar Hill Indep. Sch. Dist.*, No. 3:09-cv-2469-G, 2010 WL 1233455, at *2 (N.D. Tex. Mar. 3, 2010), *rec. adopted*, 2010 WL 1233458 (N.D. Tex. Mar. 29, 2010)).

On the other hand, by proving a Section 1983 claim for excessive force, a plaintiff will not invariably undermine his conviction for assault. *See, e.g., Arnold v. Town of Slaughter*, 100 F. App'x 321, 323 (5th Cir. 2004). For example, an excessive force claim is not barred by *Heck* where the officer's improper force was distinct in time from a plaintiff's criminal assault or where the force used by the officer was out of proportion to the threat that the plaintiff posed. *Id.* (citing cases); *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 & n.36 (5th Cir. 2007). The Fifth Circuit has explained that a Texas conviction for aggravated assault on a police officer bars only claims for excessive force related to the same conduct. *Arnold* 100 F. App'x at 323

(citing *Hainze*, 207 F.3d at 799; *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999))

Defendants' summary judgment appendix includes evidence that Plaintiff was convicted of aggravated assault on a public servant but does not make clear what factual basis supported his conviction. *See* Dkt. No. 72-1 at 27-42. Under Texas law, a person commits an aggravated assault if he "causes serious bodily injury to another ... or uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a)(1) & (2). Plaintiff submits that his "use of force" claim "is conceptually distinct from his assault of a public servant conviction and would not necessarily imply its invalidity." Dkt. No. 91 at 4. However, Plaintiff's complaint, interrogatory responses, and summary judgment evidence include repeated claims that he did nothing to justify the application of *any* force. *See* Dkt. No. 1 at 8-11; Dkt. No. 7 at Questions 3, 5, 12; Dkt. No. 45 at Question 1; Dkt. No. 92 at 2-4. Indeed, Plaintiff contends that his plea of *nolo contendere*[1] to aggravated assault is not an admission of guilt and that the force utilized by Officers Swindell and Tomiyama occurred while he was handcuffed and compliant. *See* Dkt. No. 91 at 4; Dkt. 92 at 8.

In sum, Plaintiff's complaint and interrogatory responses entirely contradict his confession in Texas court and subsequent conviction of aggravated assault.'And, further, as in *DeLeon*, Plaintiff submits

---

[1] The summary judgment record indicates that Plaintiff pled guilty, rather than *nolo contendere*, to aggravated assault. *See* Dkt. No. 72-1 at 27, 35. Regardless, a plea of *nolo contendere* does not alter the *Heck* analysis. *See Kastner v. Texas,* 332 F. App'x 980, 981 (5th Cir. 2009) ("The nature of the plea underlying the deferred adjudication order is not relevant in this context.").

> no alternative pleading or theory of recovery that would allow this claim for excessive force to proceed without interfering with the Texas proceeding against [Plaintiff] for aggravated assault on an officer. Rather it is presented as a single violent encounter throughout which [Defendant] used excessive force.

*DeLeon*, 488 F.3d at 656-57. Presented as such, Plaintiff's excessive force claims against the officers necessarily undermine his valid state conviction. *Id.* at 657. If he prevails here, Plaintiff will have established that his state criminal conviction lacks any basis – the very outcome that justifies application of *Heck*. Accordingly, Plaintiff's excessive force claim, and his related claims of failure to intervene, should be dismissed.

*Denial of Medical Care*

The Officer Defendants raise the defense of qualified immunity to Plaintiff's denial of medical care claim. This claim is governed by the deliberate indifference standard of the Eighth Amendment to the United States Constitution. In order to establish a constitutional violation based on the denial of medical care, a plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). This, in turn, requires proof that a state actor was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth,* 74 F.3d 633, 648 (5th Cir. 1996) (citing *Farmer v. Brennan,* 511 U.S. 825, 847 (1994)). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v.*

*Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993). Nor does an incorrect diagnosis, disagreement with medical treatment, or the failure to provide additional disagreement with medicaltreatment constitute deliberate indifference. *See Domino v. Texas Dept. of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997). Rather, a plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).

After the initial altercation with Officers Swindell and Tomiyama, Plaintiff was examined and treated by Dallas Fire-Rescue paramedics at the scene. *See* Dkt. No. 72-1 at 2, 5. When Plaintiff arrived at the Dallas County Jail, Officer Swindell brought him to the jail infirmary for treatment. *See* Dkt. No. 7 at 5; Dkt. No. 45 at Question 1. Plaintiff alleges that, at that time,

> [m]y body and inner organs were still quivering from all of the tase shots/shocks to my back, anus, and testicles. I was still in extreme pain from being kicked in my side and jaw, my eyes were still burning from mace, my neck was still hurting from being twisted, I was still suffering pain in my upper back, shoulders, and arms that was exerted by Mark Swindle on the way to the jail infirmery [sic], there was blood all over my face, my swollen right jaw bone was sticking out from my face and bruised, and I was still in mental and emotional shock from what had happened to me. Any normal person would have known that I had serious medical needs.

Dkt. No. 92 at 5. The jail medic took his blood pressure and asked Plaintiff what was wrong. Dkt. No. 45 at Question 1; Dkt. No. 1 at 13; Dkt. No. 7 at Question 11; Dkt. No. 92 at 5-6. As Plaintiff attempted to respond, Swindell told Plaintiff that he would not be treated if he did not speak clearer. *Id.* The medic thereafter "used [Swindell's statement] as an excuse to not treat the plaintiff and resulted in him not being treated at that time[.]" Dkt. No. 45 at Question 1. After several hours, Plaintiff was brought back to the infirmary by a jail guard and then transported to Parkland Hospital for additional medical treatment. Dkt. No. 92 at 6-7.

Deliberate indifference is "an extremely high standard to meet[.]" *Domino*, 239 F.3d at 756. "[T]he decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" *Id.* (quoting *Estelle*, 429 U.S. at 107). Furthermore, "the 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Id.* (quoting *Farmer*, 511 U.S. at 838).

Here, Plaintiff was undoubtedly treated at the scene of his arrest and then brought by Swindell to a jail medic for additional medical care. *See* Dkt. No. 7 at 5; Dkt. No. 45 at Question 1. Accepting Plaintiff's allegations as true, Swindell did not deny Plaintiff medical care; instead, he told Plaintiff that he would not be further treated by the jail medic if he could not answer the medic's questions. *See* Dkt. No. 45 at Question 1. This conduct does not constitute the "wanton disregard for any serious medical needs" that is prohibited by the Eighth Amendment. *See Domino*, 239 F.3d at 756.

Similarly, the unnamed jail medic did not deny Plaintiff medical care. Instead, she took his blood pressure and asked him "what was wrong[.]" *See* Dkt. No. 92 at 5. He was then sent to a jail cell without further treatment "because he wasn't speaking clearly enough[.]" Dkt. No. 7 at Question 11. That Plaintiff believes that the medic should have independently perceived the risk posed by his injuries – as evidenced by his bloody and swollen face – does not establish deliberate indifference. *See Domino*, 239 F.3d at 756. At most, Plaintiff alleges that the medic delayed his treatment by "several hours" until he was examined by another jail medic and referred to Parkland Hospital for x-rays and medication. *See* Dkt. No. 92 at 6-7. Such delay in treatment does not constitute an Eighth Amendment violation. *See Mendoza,* 989 F.2d at 195. And Myers has alleged no facts that could possibly meet the extremely high deliberate indifference standard based on the alleged conduct of the other Officer Defendants.

Because Plaintiff has not pled sufficient facts to suggest any violation of his constitutional rights, the Officer Defendants are entitled to summary judgment on this claim based on qualified immunity. *See, e.g., Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997) ("We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." (internal quotation marks omitted)).

**Recommendation**

The Court should grant Defendants' Joint Motion for Summary Judgment [Dkt. No. 70].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 29, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE