IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT W. MYERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:09-cv-2292-N-BN |
| | § | |
| M. SWINDELL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING
MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

The undersigned has considered Plaintiff's application for leave to proceed *in forma pauperis* on appeal [Dkt. No. 101].

(   )   The application for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915 should be GRANTED.

( X )   The motion for leave to proceed *in forma pauperis* on appeal should be DENIED for the following reasons:

   (   )   The Plaintiff is not a pauper.

   (   )   The Plaintiff has not complied with the requirements of 28 U.S.C. § 1915(a)(1) or (a)(2). *See* Notice of Deficiency and Order filed on _____.

   ( X )   Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and for the reasons stated in the Findings, Conclusions and Recommendation of the Magistrate Judge dated January 29, 2013, which were adopted by the Court on February 19, 2013, the Court should certify that the appeal is not taken in good faith.

   Although this appeal should be certified as not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the Plaintiff may challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of the Court's order.

     A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: March 15, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE